IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM SALAS RAMIREZ, | No. CIV S-04-0759-MCE-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CLAUDE FINN, et al., | |
| Respondents. | |
| _____/ | |

      Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1), filed on April 15, 2004, respondents' answer (Doc. 5), filed on June 21, 2004, and petitioner's pro se traverse (Doc. 6), filed on July 1, 2004.  Respondents filed a supplemental answer (Doc. 16) on August 11, 2005, to assert lack of subject-matter jurisdiction as a defense.  On August 28, 2006, the court appointed counsel to represent petitioner and provided the parties with leave to file supplemental briefing.  Petitioner, through counsel, filed a supplemental memorandum (Doc. 28) on November 9, 2006, and respondents filed a further supplemental answer (Doc. 29) on December 11, 2006.

# I. BACKGROUND

The following statement of the case and facts is taken from the state court's opinion affirming petitioner's conviction and sentence on direct appeal:

> After a trial by jury, Adam Ramirez was found guilty of conspiracy to commit murder, murder, and robbery. The jury also found that he personally used a firearm. (citations omitted). The allegation that Ramirez has a prior felony conviction . . . was tried by the court and found to be true.
>
> Ramirez was originally charged with two co-defendants, Jeanette Hughs (Jeanette) and Adam Edward Ramirez (Edward). Edward pleaded guilty prior to trial and Jeanette successfully moved for severance during trial. Trial continued as to Ramirez, who was convicted of all charges.
>
> Ramirez, Jeanette (his girlfriend) and Edward (Ramirez's son) were charged with the murder and robbery of Jeanette's husband, James, on January 10, 1984. The weapon used was a rifle which was brought to Jeanette's and James' residence by Ramirez on the night of James' death. Ramirez testified that he delivered the weapon to the home at the request of Jeanette who wanted it for self defense against her abusive husband, James. Ramirez contended at trial Jeanette then took the weapon into the bedroom, where James was sleeping, shot and killed James, and then returned the rifle to Ramirez, requesting that he dispose of it. Expert testimony indicated that prior to James' death an unsuccessful attempt had been made to suffocate him and that James was unconscious or asleep when we was fatally shot.

Petitioner appeared before the California Board of Prison Terms ("Board") for an initial parole suitability hearing on June 6, 2001. The Board denied parole and also ruled that petitioner was ineligible for parole for five years. The instant petition challenges this first denial of parole.

Petitioner filed a habeas corpus petition in the California Superior Court challenging the denial of parole. That petition was denied in a reasoned opinion issued on August 15, 2002. As to petitioner's due process claim, the state court concluded that California law does not create a liberty interest in parole. The California Court of Appeal and Supreme Court both denied habeas relief without comment or citation.

/ / /

/ / /

/ / /

## II. STANDARDS OF REVIEW

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are presumptively applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), cert. denied, 522 U.S. 1099 (1998). The AEDPA does not, however, apply in all circumstances. When it is clear that a state court has not reached the merits of a petitioner's claim, because it was not raised in state court or because the court denied it on procedural grounds, the AEDPA deference scheme does not apply and a federal habeas court must review the claim de novo. See Pirtle v. Morgan, 313 F.3d 1160 (9th Cir. 2002) (holding that the AEDPA did not apply where Washington Supreme Court refused to reach petitioner's claim under its "relitigation rule"); see also Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002) (holding that, where state court denied petitioner an evidentiary hearing on perjury claim, AEDPA did not apply because evidence of the perjury was adduced only at the evidentiary hearing in federal court); Appel v. Horn, 250 F.3d 203, 210 (3d Cir.2001) (reviewing petition de novo where state court had issued a ruling on the merits of a related claim, but not the claim alleged by petitioner). When the state court does not reach the merits of a claim, "concerns about comity and federalism . . . do not exist." Pirtle, 313 F. 3d at 1167.

Where the AEDPA is applicable, federal habeas relief under 28 U.S.C. § 2254(d) is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F. 3d 1223, 1229 (9th Cir. 2001).

Under § 2254(d), federal habeas relief is available where the state court's decision is "contrary to" or represents an "unreasonable application of" clearly established law. In Williams v. Taylor, 529 U.S. 362 (2000) (O'Connor, J., concurring, garnering a majority of the Court), the United States Supreme Court explained these different standards. A state court decision is "contrary to" Supreme Court precedent if it is opposite to that reached by the Supreme Court on the same question of law, or if the state court decides the case differently than the Supreme Court has on a set of materially indistinguishable facts. See id. at 405. A state court decision is also "contrary to" established law if it applies a rule which contradicts the governing law set forth in Supreme Court cases. See id. In sum, the petitioner must demonstrate that Supreme Court precedent requires a contrary outcome because the state court applied the wrong legal rules. Thus, a state court decision applying the correct legal rule from Supreme Court cases to the facts of a particular case is not reviewed under the "contrary to" standard. See id. at 406. If a state court decision is "contrary to" clearly established law, it is reviewed to determine first whether it resulted in constitutional error. See Benn v. Lambert, 293 F.3d 1040, 1052 n.6 (9th Cir. 2002). If so, the next question is whether such error was structural, in which case federal habeas relief is warranted. See id. If the error was not structural, the final question is whether the error had a substantial and injurious effect on the verdict, or was harmless. See id.

State court decisions are reviewed under the far more deferential "unreasonable application of" standard where it identifies the correct legal rule from Supreme Court cases, but unreasonably applies the rule to the facts of a particular case. See id.; see also Wiggins v. Smith, 123 S.Ct. 252 (2003). While declining to rule on the issue, the Supreme Court in Williams, suggested that federal habeas relief may be available under this standard where the state court either unreasonably extends a legal principle to a new context where it should not apply, or unreasonably refused to extend that principle to a new context where it should apply. See Williams, 529 U.S. at 408-09. The Supreme Court has, however, made it clear that a state court decision is not an "unreasonable application of" controlling law simply because it is an

erroneous or incorrect application of federal law. See id. at 410; see also Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003). An "unreasonable application of" controlling law cannot necessarily be found even where the federal habeas court concludes that the state court decision is clearly erroneous. See Lockyer, 123 S.Ct. at 1175. This is because ". . . the gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Id. As with state court decisions which are "contrary to" established federal law, where a state court decision is an "unreasonable application of" controlling law, federal habeas relief is nonetheless unavailable if the error was non-structural and harmless. See Benn, 283 F.3d at 1052 n.6.

The "unreasonable application of" standard also applies where the state court denies a claim without providing any reasoning whatsoever. See Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003); Delgado v. Lewis, 233 F.3d 976, 982 (9th Cir. 2000). Such decisions are considered adjudications on the merits and are, therefore, entitled to deference under the AEDPA. See Green v. Lambert, 288 F.3d 1081 1089 (9th Cir. 2002); Delgado, 233 F.3d at 982. The federal habeas court assumes that state court applied the correct law and analyzes whether the state court's summary denial was based on an objectively unreasonable application of that law. See Himes, 336 F.3d at 853; Delgado, 233 F.3d at 982.

### III. DISCUSSION

Petitioner claims that the Board violated his due process rights by denying him parole based solely on the immutable factors of his commitment offense and pre-commitment history. Similarly, petitioner asserts additional due process error because the Board recited and relied upon the same immutable factors to conclude that petitioner should not be eligible for parole for five years as opposed to sooner. The gravamen of petitioner's claim is that immutable factors cannot constitute evidence sufficient to deny parole.

///

Petitioner argues that the "some evidence" standard does not apply. Specifically, petitioner reasons that, because parole is related to sentencing, see In re Roberts, 36 Cal.4th 836, 839 (2001), a habeas corpus petition attacking a parole denial is equivalent to a challenge to the length of the sentence. From this, petitioner concludes that the same standard should apply to a parole decision as does to sentencing decisions – the preponderance of the evidence standard. According to petitioner, this means that the Board's decision must be based on "substantial evidence."

For their part, respondents contend that: (1) this court lacks subject matter jurisdiction because there is no liberty interest in parole; (2) even if there is jurisdiction, petitioner received all the process he was due when the Board provided him an opportunity to be heard and gave him a statement of reasons for its decision; and (3) even if the "some evidence" standard applies, the Board's decision is supported under this standard.

Many of the legal questions presented by this case have recently been addressed by the Ninth Circuit in Sass v. Bd. of Prison Terms, 461 F.3d 1123 (9th Cir. 2006). In particular, the Ninth Circuit held that California's parole statute does, in fact, create a federally cognizable liberty interest. See id. at 1127-28. On the merits, the court also rejected the argument that the "some evidence" standard does not apply. See id. at 1128-29. Under Superintendent v. Hill, 472 U.S. 445, 455 (1985), due process requires a prison disciplinary hearing decision be based on "some evidence" in the record as a whole which supports the decision. This standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. In Sass, the Ninth Circuit also addressed the argument that the requirement of "some evidence" in the parole context has not been clearly established by the Supreme Court. The Ninth Circuit held:

> Hill's some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the . . . board were without support or otherwise arbitrary." (citation omitted). Hill held that although this standard might be insufficient in other circumstances, "[t]he fundamental fairness guaranteed by the Due Process Clause does not

6

>require courts to set aside decisions of prison administrators that have some basis in fact." (citation omitted). To hold that less than the some evidence standard is required would violate clearly established federal law because it would mean that a state could interfere with a liberty interest – that in parole – without support or in an otherwise arbitrary manner. We therefore reject the state's contention that the some evidence standard is not clearly established in the parole context.

Sass, 461 F.3d at 1129.

Therefore, this court has jurisdiction to review petitioner's claim and must apply the "some evidence" standard on the merits. See id. The court rejects petitioner's assertion that a "substantial evidence" test should apply.[1]

The gravamen of petitioner's claim is that immutable factors cannot constitute evidence sufficient to deny parole at the first parole suitability hearing. This case is somewhat different from Sass where the petitioner was challenging, among other things, the third denial of parole arguing that the continued reliance on immutable factors violates due process. In Sass, the Ninth Circuit affirmed the denial of the habeas petition. See Sass, 461 F.3d at 1129. The court did not find that reliance on immutable factors – even for a third time – violated due process. See id. In Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), where the petitioner was challenging the first denial of parole based solely on immutable factors, the Ninth Circuit also concluded that the denial was based on some evidence. In dicta, the court acknowledged that, sometime in the future, the continued reliance on immutable factors could violate due process. See id. at 917. No court has drawn a bright line as to how many times the Board may rely on the same immutable factors to deny parole, but in light of Biggs and Sass, it is clear that reliance on immutable factors at an initial parole consideration hearing does not violate due process.

///

---

[1] The court is puzzled as to why petitioner's counsel devoted over seven pages of supplemental briefing to this argument and did not cite to Sass even once. In fact, as reflected in the table of authorities attached to petitioner's supplemental brief, Sass is not cited at all. This is particularly curious given that counsel was appointed specifically to address the effect of Sass on this case. By belaboring an argument that has clearly been rejected by the Ninth Circuit – which this court is bound to follow – counsel suggests to the court that he has not even read Sass.

1    In this case, petitioner is challenging the initial denial of parole.  Assuming for the
2 moment that the Board relied solely on immutable factors such as the facts of petitioner's
3 commitment offense and his pre-commitment history,[2] such reliance does not violate due process
4 and the immutable factors constitute "some evidence" to support the denial.  See id.; see also
5 Sass, 461 F.3d at 1129.  As the Ninth Circuit stated in Sass, it is not this court's function ". . . to
6 speculate about how future parole hearings could proceed."  See id.  Whether continued reliance
7 on immutable factors violates due process is a question which is not before the court on the facts
8 of this case.

9    As to petitioner's contention that the Board's reliance on the same factors to both
10 deny parole and find that he would not be suitable for parole for another five years, the same
11 logic applies.  Because there is no due process violation resulting from reliance on immutable
12 factors to deny parole at a first hearing, a finding of unsuitability for five years based on the
13 same factors also does not violate due process.[3]

14    Accordingly, the court cannot say that the state court's disposition was either
15 contrary to or an unreasonable application of clearly established law.

### IV.  CONCLUSION

18    Based on the foregoing, the undersigned recommends that petitioner's petition for
19 a writ of habeas corpus be denied and that the Clerk of the Court be directed to enter judgment
20 and close this file.

---

[2]   In fact, the Board in petitioner's case relied on much more than immutable factors.  For example, the record reflects that the Board considered a 2001 psychological evaluation of petitioner as well as petitioner's prison disciplinary history and lack of participation in prison programs.

[3]   To the extent petitioner claims that the Board violated state law with respect to setting out its finding of unsuitability for five years, claims based on violation of state law are not cognizable on federal habeas absent a due process aspect to the claim.  For the reasons outlined herein, the court concludes that no due process violation resulted on the facts of this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 6, 2007.

　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE